```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
                                    Case No. 1:15-cr-10145-8 RGS

     v.                                  (US v. Williams)


DERONN FUNCHES,
          Defendant.
```

## MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

### Preliminary

Defendant, Deronn Funches, by his counsel, Kevin L. Barron, Esq., offers this memorandum in opposition to the government's motion for detention. Defendant is not dangerous by clear and convincing evidence and not a flight risk. There are no concerns that cannot be adequately addressed by a combination of conditions of release. See, e.g., *US v. DiGiacomo,* 746 F. Supp. 1176 (D.Mass. 1990) (Wolf, USDCJ)(releasing loan shark *Cosa Nostra* captain charged with Controlled Substances Act ("CSA") violations after an individualized analysis of the factors under 18 USC §3142(g)).

### FACTS

Mr. Funches is a 37 year-old US citizen who has never left the United States and has always resided in Boston, Massachusetts. He has a long-time girlfriend and two-step

1

children. According to a US Pre-trial Services check of law-enforcement databases, Mr. Funches has a minor criminal record consisting of one marijuana possession conviction and one conviction for distribution of a small amount of cocaine in 1995. As of this writing, the government has not offered any information that Mr. Funches presents a flight risk.

The government cannot show dangerousness by clear and convincing evidence. Mr. Funches is mentioned only twice in a 27-page affidavit. In that instance, he is listed among 44 other names as a subject to be detained, but no information is provided. (Doc. 8-1, pp. 1-2.) The only substantive reference to defendant claims that defendant received drugs from the Williams defendants. (Doc. 8-1, p. 17.) The affidavit claims the Funches family has been historically associated with the Columbia Point gang, but defendant's name is not mentioned. (Doc. 8-1, p. 8.) Paragraph 20 names gang leaders, but defendant's name is not among them. (Doc. 8-1, p. 11.) The affidavit mentions other defendants as heads of different sub organizations within the gang, but defendant's name does not appear. (Doc. 8-1, p. 13.)

As stated above, the affidavit contains only reference to defendant's substantive involvement in criminal activity

2

appearing at page 17, part of a six-page section (pp. 13-18) entitled "Continued expansion of drug networks". Read in its entirety, the passing mention of Mr. Funches indicates he was not one of the significant targets of the investigation. The affidavit discusses in detail information obtained from intercepts and surveillance to identify leadership roles and criminal activities of the gang, but nothing more about Mr. Funches.

Mr. Funches is wholly absent from any of the sections involving gang violence. See, "Beef with Orchard Park Trailblazers" (pp. 18-20) and "Gang Beef with Greenwood Street Posse" (pp. 20-25). While two pistols were seized at the place of Mr. Funches' arrest, there is no indication that the pistols were for his use or that he was seen with them. Accepting the government's allegations as true (for the sake of argument only), there is nothing to indicate that the government could carry its burden of showing dangerousness by clear and convincing evidence.

## ARGUMENT

The Bail Reform Act (18 U.S.C. § 3142(b)) provides that a defendant shall be released unless defendant presents a serious flight risk (by preponderance of evidence) or a danger to the community (by clear and convincing evidence). The seriousness of the charge does

3

not necessarily justify detention.  Conditions of release need not necessarily guarantee safety or appearance.  The threat of flight must be serious. See, *DiGiacomo, supra.*

The government has not provided discovery to indicate that either the flight risk or dangerousness prong applies to this defendant.  Where the government invokes the presumption of §3142(e), defendant may rebut the presumption by presenting only some credible evidence that the defendant is not a flight risk or a danger - *i.e.,* a burden of production only.  *US v. Jessup*, 757 F.2d 378 (1st Cir. 1985).  It then remains for the government to prove by a preponderance of the evidence that the defendant is a flight risk or that there exists clear and convincing evidence that the defendant is a danger.  §3142(f).

The danger alleged must be related to the federal case and an unrelated allegation of danger to others is not sufficient.  *US v. Ploof,* 851 F.2d 7 (1st Cir. 1988).  Clear and convincing evidence means that a particular defendant actually poses a danger, not that in theory defendant may pose a danger.  *US v. Patriarca*, 948 F.2d. 789 (1 Cir. 1991).

There are grounds for detention under 18 U.S.C. §3142(f) where the defendant is charged with a drug offense involving penalty of ten years or more or if there is a

*serious risk* that such person will flee; or a serious risk that such person will obstruct/attempt to obstruct justice, or threaten/intimidate a prospective witness or juror.

Defendant respectfully notes, that this Court is obliged to conduct an individualized assessment of the defendant's circumstances before accepting the government's generalized argument that CSA defendants should be detained. *US v. DiGiacomo* should be persuasive in this Court's release determination. *US v. DiGiacomo,* 746 F. Supp. 1176 (D.Mass. 1990).  There, the court found that defendant could be released in spite of the fact that defendant was a senior member of *La Cosa Nostra* and had probably participated in murders himself.  The court noted that defendant was capable of conducting himself lawfully and had shown he could do so when required.  The court also determined that his dedication to his children and long-time residence in the community made defendant an acceptable risk for release on conditions.

## CONCLUSION

For the reasons set forth above, the government's motion for detention should be denied and the defendant should be released on the least restrictive conditions that will secure his attendance and compliance with the statutory conditions of release.

5

Dated this 24th day of June 2015 at Boston, Massachusetts.

                Respectfully submitted,
                DERONN FUNCHES, Defendant,
                By his attorney
                /s./  Kevin L. Barron
                KEVIN L BARRON 550712
                15 BROAD ST - STE 240
                BOSTON MA   02109
                617 407 6837

CERTIFICATE OF SERVICE

Counsel certifies he has caused a true copy this document to be served today on all counsel through the CM/ECF of this District as set forth in the Notice of Electronic Filing and that no party requires service by other means.

                /s./  Kevin L. Barron
                KEVIN L BARRON 550712