UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| United States of America, | ) |
|---|---|
| v. | ) |
| Yancey Calhoun, | ) Case No. 15-10145-RGS |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

Defendant Yancey Calhoun, by his counsel, respectfully submits this memorandum in opposition to the government's motion for pretrial detention.

### Factual Background

Mr. Calhoun is a 48 year old United States citizen. He does not have a passport and has never traveled outside the United States. He has resided in rental apartments in San Antonio, Texas since 2007. In 2007, he married Laverne Lorraine (Saddlewhite) Calhoun, with whom he resided until she passed away in 2011. Initially, he worked at a San Antonio Toyota factory until he had to cease working due to a chronic disability. Since that time he has lived on disability payments and food stamps.

Mr. Calhoun suffers from a number of severe health problems. He underwent triple bypass surgery in 2010 following a heart attack and has been dealing with heart and blood pressure issues ever since. He also has a history of depression and has been diagnosed with mental illness. His doctors have monitored and treated his severe health conditions through periodic appointments at the Baptist Medical Center in San Antonio.

Mr. Calhoun maintains a close relationship with his mother, Earlene Calhoun, who resides in Dorchester, Massachusetts. Ms. Calhoun intends to sign a bond to secure Mr. Calhoun's release.

Mr. Calhoun also maintains a close relationship with his cousin, Jacqueline Annette Brown, who resides in San Antonio, in a rental apartment close to Mr. Calhoun's residence. Ms. Brown is a home health aide at Outreach Health Services in San Antonio. She helps Mr. Calhoun manage his finances and health. Ms. Brown intends to sign a bond to secure Mr. Calhoun's release. She has completed payments on a loan that had been secured on Mr. Calhoun's car in order that his car is now available as security for his release.

Argument

The Bail Reform Act (18 U.S.C. § 3142(b)) provides that a defendant shall be released unless defendant presents a serious flight risk (by preponderance of evidence) or a danger to the community (by clear and convincing evidence). The seriousness of the charge does not necessarily justify detention. Conditions of release need not necessarily guarantee safety or appearance. *See United States v. Simone*, 317 F. Supp. 2d 38, 42 (D. Mass 2004) (holding that "reasonable assurances, rather than a guarantee, are required" with respect to both safety and appearance and that electronic monitoring, forfeiture of assets, and confinement to the home would provide such reasonable assurance for these defendants).

The government seeks to detain Mr. Calhoun premised upon the rebuttable presumption of detention under § 3142(e)(3)(A). Yet, the defendant may rebut the presumption by presenting only some credible evidence that the defendant is not a flight risk or a danger - i.e., a burden of production only. *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985) (holding that under 18 U.S.C. § 3142 the burden of persuasion does not shift to the defendant and that the defendant

only has a burden of production). The burden of persuasion remains on the government to prove by a preponderance of the evidence that the defendant is a flight risk or that there exists clear and convincing evidence that the defendant is a danger and that no conditions will reasonably assure the defendant's appearance. *Id.*; *see also* 18 U.S.C. § 3142(f). The danger alleged must be related to the federal case; an unrelated allegation of danger to the community or to another person is not sufficient. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988) (holding that defendant could not be held on dangerousness grounds in order to "safeguard a state domestic relations proceeding unconnected to the federal proceeding that has given rise to the defendant's bail hearing" but could be held based on danger to witness against the defendant in the present federal proceeding). Clear and convincing evidence means that a particular defendant actually, not just theoretically, poses a danger. *United States v. Patriarca*, 948 F.2d. 789 (1st Cir. 1991) (affirming district court's analysis on dangerousness under clear and convincing standard where district court found that although defendant was intimidating and dangerous in theory, the government had not proven he posed a significant danger that could not be overcome by conditions). Courts must conduct an individualized assessment of a defendant's circumstances before accepting the government's generalized argument that defendants should be detained.

Here, the government's sole support for detention of Mr. Calhoun is a 27-page Affidavit of FBI Special Agent Matthew Knight with 3 Exhibits. Dkt. No. 8. However, in this entire Affidavit there is only a single sentence that mentions Mr. Calhoun. That sentence reads: "YANCEY CALHOUN, the father of DEMETRIUS and YANCEY WILLIAMS, and a longtime CPD member, oversaw the Portland, Maine, branch of WILLIAMS CREW'S drug operation." *Id.* ¶ 29. The Affidavit contains no support for the allegations of drug distribution in this

sentence. Clearly, Mr. Calhoun cannot be detained merely because he is the father of two defendants in this case.

Moreover, the hundreds of pages of *Jencks* materials provided by the government are completely void of any reference to Mr. Calhoun.[1] These police reports detail dozens of controlled buys and months of surveillance carried out by Detective Brown and his colleagues, and Mr. Calhoun is not mentioned once.

Nor is there any evidence tying Mr. Calhoun to crimes of violence. Specifically, Mr. Calhoun is not charged with any violent offenses. There is no evidence that Mr. Calhoun carried a firearm or engaged in violent behavior. The government has produced no evidence tying Mr. Calhoun to the firearms located in searches in this case.

In addition, there is no evidence that Mr. Calhoun poses a risk of flight. Mr. Calhoun is in poor health and seeks to reside in San Antonio where he can maintain his medical treatments through the assistance of Ms. Brown. Mr. Calhoun's myriad health issues are reminiscent of those experienced by the defendant in *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991). There, the Court affirmed a finding that the defendant's "poor health rendered flight dangerous" because if he had escaped and were recaptured, he would likely face a longer term of imprisonment which "would amount to a sentence to die in prison." Moreover, Ms. Brown maintains regular contact with Mr. Calhoun and will be signing the bond. Mr. Calhoun's mother is signing the bond, and will provide housing for Mr. Calhoun when he needs to return to Boston for court appearances. In addition, Mr. Calhoun is willing to submit to electronic monitoring

---

[1] On July 29, 2015, Mr. Calhoun agreed to the government's protective order with respect to discovery in this case. Despite his agreement to the protective order and repeated requests for production of discovery material, he has not yet received any of the tapes, documents, or post-arrest statements that are in the government's possession and does not know if any of these materials contain evidence relating to him.

through a bracelet, to live under a curfew, and to regularly report to a probation officer in San Antonio.

## Conclusion

Based on the foregoing reasons, the Defendant respectfully requests that this Court deny the government's motion for detention and allow the Defendant to be released on a bond signed by his mother and his cousin, secured by a car, and with appropriate conditions including electronic monitoring and regular reporting to pretrial services.

Respectfully submitted,

YANCEY CALHOUN

By his attorneys,

s/ Michele L. Adelman
Michele L. Adelman
Alycia Kennedy
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
617 832 1000 (telephone)
617 832 7000 (facsimile)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| United States of America, | ) |
| :--- | :--- |
| v. | ) |
|  | ) Case No. 15-10145-RGS |
| Yancey Calhoun, | ) |
|  | ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the date below I electronically filed Defendant's Memorandum in Opposition to Government's Motion for Detention using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

This 31st day of July, 2015.

                                            s/s Michele L. Adelman _____