UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------X
UNITED STATES                    :
                                 :
     v.                          :      Crim. No. 1:15-cr-10145-RGS
                                 :
DEMETRIUS WILLIAMS,              :
     Defendant                   :
-----------------------------------------X
```

DEFENDANT, DEMETRIUS WILLIAMS'S, OPPOSITION TO
GOVERNMENT'S MOTION FOR PROTECTIVE ORDER,
AND TO ITS RESPONSE TO THE COURT'S INQUIRY

Defendant, Demetrius Williams, hereby opposes the Government's Motion for Protective Order (Doc. 61), joining in the opposition filed by defendants Yancey Williams (Doc. 70) and Derron Funches (Doc. 71). Further, Mr. Williams joins in the opposition filed by defendant, Arthur Williams (Doc. 88), and hereby opposes the Government's Response to the Court's Inquiry (Doc. 82). Finally, Mr. Williams renews his request (Doc. 62) that this Honorable Court grant appropriate relief by ordering the Government to produce without restrictions on use the automatic discovery to which Mr. Williams is entitled. As grounds therefore, he states:

  1. On August 3, 2015, the Government filed a Response to the Court's Inquiry that proposed imposing a burden on counsel for each defendant, i.e., to uniquely watermark any document received in discovery prior to providing it his or her client. The Government's response does not satisfy the requirement to show "good cause" as Rule 16 (d) requires.

2.	First, the Government has set forth no reasons for this restriction as to Demetrius Williams, except to say in its original Motion for Protective Order (Doc. 61), that he has "pled guilty to both federal and state firearms charges and is pending sentencing," "has been previously convicted of illegally possessing a firearm in 2005," and that "[defendant] Aaron Bloudson . . . was intercepted discussing with Demetrius Williams shooting rival gang members who had been observed at a state courthouse." These reasons are inadequate because the Government fails to relate the charges Mr. Williams has pled to, or any alleged statements by Mr. Bloudson, to any aspect of Mr. Williams's alleged involvement in the present case. Nothing in the discovery provided shows that Mr. Williams poses a particularized risk of violent conduct or would engage in witness intimidation. There is no evidence Mr. Williams has attempted to give away documents pertaining to any of his past cases, or in the present one; nor is there any evidence that Mr. Williams has attempted to intimidate witnesses in any of his cases, past or present.

3.	Second, the government has not shown that witness names cannot be redacted, especially where the Government has raised a concern that the names of informants might be passed around in black and white as "[h]ard evidence of the witness's betrayal."

4.	The Government's suggested protocol simply does not address the necessity of showing a particularized need to impose this burden upon Mr. Williams and his counsel. Mr. Williams again requests the automatic discovery to which he is entitled and further requests that his counsel be permitted to disseminate all documents determined

needed for use in preparing his defense at trial without having to uniquely watermark each and every one.

Dated: 8.21.15                                    Respectfully submitted,
                                                  By His Attorney:

                                                  /s/ John G. Swomley
                                                  John G. Swomley, BBO# 551450
                                                  Swomley & Tennen, LLP
                                                  227 Lewis Wharf
                                                  Boston, MA  02110
                                                  Tel. 617-227-9443
                                                  jswomley@swomleyandtennen.com

## CERTIFICATE OF SERVICE

I, John G. Swomley, hereby certify that I have served the foregoing motion on all parties associated with this action by ECF this day, August 21, 2015, and that paper copies will be sent to those indicated as non-registered participants via first class mail, postage pre-paid.

                                                  /s/ John G. Swomley